UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>                    Plaintiff,<br><br>       v.<br><br>WILLIAM COLLINS, *et al.*,<br><br>                    Defendants. | Case No. C15-0735-MJP-MAT<br><br>REPORT AND RECOMMENDATION |

Plaintiff James Williams is a Washington prisoner who is currently confined at the Monroe Correctional Complex - Special Offender Unit ("MCC-SOU"). On May 11, 2015, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. (*See* Dkt. 1.) Though plaintiff's complaint was somewhat difficult to understand, he appeared to allege that defendants knowingly relied on fabricated evidence in voting to place plaintiff on involuntary antipsychotic medication. (*See* Dkt. 8 at 14-15.) Plaintiff identified as defendants in his complaint William Collins, Cynthia Goins and Greg Miller, all of whom are apparently employed at the MCC-SOU. (*See id*. at 13-14.)

On June 12, 2015, plaintiff's application for leave to proceed *in forma pauperis* was

REPORT AND RECOMMENDATION - 1

granted and his complaint was filed. (*See* Dkts. 7 and 8.) On the same date, this Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 9.) Plaintiff was advised in that Order that his allegations lacked sufficient specificity to adequately state a claim for relief under § 1983. (*Id*. at 2.) The Court noted that while plaintiff claimed defendants had relied on fabricated evidence when they voted to place him on involuntary antipsychotic medication, he failed to make clear the nature of the alleged fabricated evidence or the date on which the challenged decision was made.[1] (*Id*.) Plaintiff was granted thirty days within which to file an amended complaint curing the specified deficiencies, and was advised that his failure to timely file an amended complaint would result in a recommendation that this matter be dismissed for failure to state a claim under § 1983. (*Id*.) To date, no amended complaint has been filed.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff's original complaint lacked sufficient specificity to state a cause of action under § 1983, and because plaintiff has elected not to submit an amended complaint correcting this deficiency, this Court recommends that plaintiff's complaint, and this action, be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

---

[1] Because plaintiff indicated in his complaint that he had had many involuntary medication hearings while in the custody of the Washington Department of Corrections, the Court deemed it necessary for plaintiff to identify with specificity the hearing he intended to challenge in this action in order to give defendants fair notice of his claim.

REPORT AND RECOMMENDATION - 2

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 11, 2015**.

DATED this 20th day of August, 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3